Cowen, J.
An officer seizing goods in virtue of an execution acquires a special property. That entitles him to maintain trover for a subsequent wrongful conversion. He does not, by leaving the property with another and taking a receipt, part with his interest; but only his possession. The receiptor holds as his delegate or bailee, on the terms specified in the receipt. Upon the officer becoming entitled to a redelivery according to those terms, the force of the receipt is completely gone; and his entire property acquired by the levy reverts. If the receiptor detain it, the officer may bring replevin or trover for the wrong according to its nature. Refusal to deliver is evidence of a conversion. True, an action would also lie directly upon the contract contained in the receipt j but whether the officer will resort to this or sue for the wrong, rests in his election ; as it always does in the election of a bailor under like circumstances.
There is no color for the objection that the wagon alone would have brought sufficient to satisfy the execution. A re- \ ceiptor cannot, under any circumstances, defend himself on the ' ground of an excessive levy. That is a question between the officer and the execution debtor. The latter, if there be a wanton excess, may doubtless have his remedy by an action on the case; but the officer’s right of property is in no way affected by the circumstance. The objection came with the less color in this case, inasmuch as the defendant below, on the officer demanding the property, set up a title to the whole, wagon and all, refusing to deliver any portion of it.
The levy was on the 1st of October, 1839, under an execution against A. Dezell, whereupon the defendant below gave the constable a receipt containing a promise to deliver the property on the 29th. On the constable that day demanding it, the defendant refused to deliver, on the ground that the property was his own. The court below held that he was estopped by his receipt; and I think they were correct.
It may be conceded that, had the defendant’s claim been interposed at the time of the levy, and he had signed the receipt *219 in terms, without prejudice to his right, the question would have been open. The creditor would thus have been put upon his guard, and enabled to seek for other property, on finding that his debtor had no title to that in question. Indeed, here was a course of action on the part of the receiptor directly calculated to influence the conduct of the creditor in a way prejudicial to his interests, unless we hold the receiptor. The officer being induced to part with the possession or to forbear taking actual possession, by the receiptor recognizing his right and agreeing to take or hold for him, was itself an injury, if we now let the defendant go free. We then have a clear case of an admission by the defendant intended to influence the conduct of the man with whom he was dealing, and actually leading him into a line of conduct "which must be prejudicial to his interests, unless the defendant be cut off from the power of retraction. This I understand to be the very definition of an estoppel in pais. For the prevention of fraud, the law holds the admission to be conclusive. The principle is the same as that which prevails between landlord and tenant. The latter must surrender the possession, simply because he has received it.
The general doctrine is not denied. The argument is, that it should not be applied in favor of an officer coming under pretence of legal authority, and demanding the property. It is thought the receiptor should be taken to have been coerced into the giving of a receipt as the only expedient for retaining the possession. I think otherwise. If a man have title, an officer is no more in respect to him than a mere stranger. He may either use the necessary force to retain possession, or take the more usual and prudent course of an action at law for the wrongful seizure. In short, his remedies are, in this respect, the same as those of any other proprietor whose rights are improperly interfered with. The intendment against him .is therefore the same as it would be against a man in possession of land taking a demise from an adverse claimant. It is not enough for him afterwards to show that he had title. If he can show in addition that he was drawn into the admission of *220 an adverse title by fraud, or perhaps by some gross mistake of fact, he may be able to defend himself. But by taking and holding, he draws the onus of showing the fraud or mistake upon himself. The defendant below offered no proof of the kind ; but on the contrary, it is entirely apparent that the title which he proposed to set up at the trial, was known to him at the time of the levy and receipt. The officer was, when he came to sell, for the first time apprised that the defendant had title. This was in general terms. At the trial, he proposes to show that he had purchased it of a third person with his own funds. In short, his conduct may be summed up in this way : He had fraudulently deprived the creditor of possession through the officer, baffled him in his search for other property and in the use of all means for collecting his debt, drawn him by equivocal conduct into the expense of an action; and at the trial, claims the whole as constituting a legal defence. I think it was not so, for the simple reason that the law uniformly throws the consequence of such a course upon the party who leads in it, by applying the salutary-,doctrine of estoppel in pais.
I am of opinion that the exceptions to the decision of the court below were not well taken, and that consequently the judgment should be affirmed.
Nelson, Ch. J. concurred.